### RIDENOUR v SCHMIDT

Ohio Appeals, 2nd Dist, Franklin Co.

Decided September 27, 1940.

500

McFadyen, Swisher & Warden, Columbus, for appellee.

Potts & Schmidt, Cleveland, for appellant.

**OPINION**

By GEIGER, J.

This action is before this court on appeal from the judgment of the court below in setting aside a· verdict in favor of the defendant, on the ground that the verdict was against the manifest weight of the evidence.

A motion was filed in this court on January 23, 1940, by the appellee for an order striking the appeal from the files for the reason that this court has no jurisdiction of the appeal. In a decision rendered on the 19th of February 1940, we held that the motion to dismiss was premature, and that the same would be overruled.

On April 23, 1940, the judgment of this court was entered on the motion to dismiss the appeal and we then found that the motion was not well taken and overruled it.

From the record it will appear that the motion to dismiss was overruled on the ground that it was premature.

The action was based upon an alleged oral contract under the terms of which the plaintiff loaned to the defendant $40,000 to be paid in five years at the rate of $3,500 per year for four years, and the balance at the end of the fifth year. The petition alleges that Schmidt was to assign to the plaintiff certain leasehold interests as security for the loan, and that, after the payments enumerated, there remained a balance of $42,884.19 for which judgment was sought. Schmidt, the defendant, admitted the receipt of the $40,000 pursuant to an oral agreement, but denied that the agreement set forth in the petition was that under which the sum was paid.

At the trial before a jury it was undisputed that $40,000 was paid to the defendant, that certain leasehold interests were assigned by the defendant on their face, absolutely and· unconditionally, and that certain payments were received. The parties, however, differed as to the terms upon which the money was paid by the plaintiff to the defendant, the plaintiff asserting that the transaction was a loan, that the defendant was to repay the money, and that the leases were assigned by the defendant to the plaintiff as collateral security for the payment of the money loaned. The defendant, on the other hand, contended that the parties contemplated that the defendant was un-

der no personal obligation to repay the loan, and that the income of the leasehold interest was to be the sole source from which the money advanced was to be repaid; in other words, that the plaintiff in paying the money to the defendant did so in payment for the leases. The leases subsequently became worthless and the plaintiff seeks now to recover the unpaid balance of the alleged loan.

The jury having found on the issue in favor of the defendant, the plaintiff filed his motion for a new trial on the ground that the verdict was contrary to the manifest weight of the evidence and for other errors manifest upon the record.

The motion for new trial was sought to be sustained solely upon the ground that it was against the manifest weight of the evidence. Before the motion was heard and determined by the court, the plaintiff procured from a court stenographer a transcript of the testimony of the defendant in another action in which he was then plaintiff, and called the attention of the trial court to certain testimony given by the plaintiff in that case, which seemed to contradict flatly the contention the defendant makes in the instant case, viz., that there was no loan.

The case which was brought to the attention of the court was tried but a short time before the instant case before another judge of the Court of Common Pleas. In that case the plaintiff, defendant here, sought to recover from a defendant, holding under the lease, deferred payments and there asserted that he was the owner of the lease and entitled to recover.

Thereafter, at the hearing in the case at bar, the trial court discussed the matter with counsel for the plaintiff and in the presence of all parties and their counsel read a portion of the transcript in the other case and called the attention of defendant and his counsel to the manifest discrepancies between the testimony given in the two cases by Schmidt, the defendant. The judge addressed interrogatories to the defendant in open court which were answered by him and his attorneys and which appear in the bill of exceptions. Some stress is laid upon the fact that the transcript from the trial of the other case was presented to the court in the absence of counsel for defendant, but it is manifest that all parties were present at the time the court examined the transcript in the other case and called the attention of the defendant in the instant case to the discrepancies. After discussing the matter the judge stated:

"I am sustaining the motion for a new trial but I want it specifically understood that I am sustaining this motion only upon what appears in this case at bar, and without any reference to the transcript of the case in the other branch of this court, or anything that happened in it, as the case is not a part of one at bar, so I am sustaining this motion upon the ground that the verdict of the jury was against the manifest weight of the evidence."

Thereupon counsel for defendant gave notice of intention to appeal from the order of the court, "wherein on the 27th day of December 1939, an order against said appellant and in favor of the appellee, plaintiff in the above-entitled action herein designated as appellee, was granted, setting aside and vacating the verdict of the jury in the above-entitled action and granting a new trial. Said appeal to be made on questions of law."

As before stated, a motion was made in this court to dismiss the appeal on the ground that the court has no jurisdiction, which motion was overruled, apparently for the reason that it was then premature.

For the first assignment of error it is alleged that the trial court was guilty of an abuse of discretion in passing upon the motion for a new trial in that it allowed evidence not of record to be called to its attention in the absence of defendant or his counsel. This may have been irregular, but it was not prejudicial in this case.

The second error assigned is that the procedure of the trial court was erroneous even though the court stated spe-

cifically that it was not influenced by the evidence outside the record presented. The third assigned error is that the action of the trial court, invited and instigated by counsel for plaintiff, constituted an abuse of discretion.

Courts of this state have unanimously held that the setting aside of a general verdict and the ██ granting of a motion for a new trial is not a basis of a review in the Court of Appeals, unless there was an abuse of discretion by the trial court in granting the motion. **Hoffman v Knollman, 135 Oh St 170, at page 183, 20 N. E. (2d) 221.**

This court in the case of **State v Wright, 59 Oh Ap 191, 11 N. E. (2d), 428,** in the third paragraph of the syllabus states in substance that where one seeks a review in an appellate court upon the ground that there has been an abuse of discretion by the trial court in setting aside a verdict of the jury, such alleged abuse of discretion will not be presumed but must appear from the record. To constitute an abuse of discretion it must appear that the judgment ██ of the court is not justified and is clearly against reason and evidence, not merely an error of judgment, but a discretion exercised to an end not justified and plainly appearing to effect an injustice.

An order of a court setting aside a verdict as not sustained **Headnote 3.** by the evidence, which order does not disclose such infirmities, is not an abuse of discretion. Counsel for defendant cite and larely rely upon the case of **Webster v Pullman Co., 51 Oh Ap 131, 200 N. E. 188,** wherein it is held:

"The ruling of the trial court granting a motion for a new trial is a final order from which error may be prosecuted to the Court of Appeals where the granting of such motion constitutes an abuse of the trial court's discretion."

In the fourth paragraph of the syllabus it is held in substance that the court's action in granting the motion for a new trial is an abuse of discretion under the facts there stated, even though the act of the court substantiated its judgment and confirmed it in its conclusion, and caused it to weigh the evidence to the end that it was determined that the plaintiff's evidence was unworthy of belief. This is an interesting case and may be read with profit, both as to what is and what is not an abuse of discretion. However, it seems to support the view that, if the trial court has abused its discretion and sought and obtained evidence not before the court in the trial, the fact that such independent investigation of the court confirmed it in the judgment already arrived at does not alter the fact that proper judicial discretion has been abused and the action of the court is a basis for setting aside the order of the court granting a new trial and directing the court to render judgment upon the verdict.

It is quite easy for us to differentiate the facts in this case from those in the Pullman case. There was a sharp discrepancy in the testimony of the parties to the action, and the defendant had recently appeared before another judge in the Common Pleas Court and testified directly contrary to his testimony in the case at bar. His testimony in both cases could not possibly be true as it was directly contradictory. The court, after the preliminary examination, stated that in sustaining the motion it ██ wished it specifically understood that it was doing so only upon what appeared in the case at bar and without any reference to the transcript from the other case. This is a different situation from that disclosed in the Pullman case where the court stated that its decision had been corroborated by its independent examination.

In the case at bar we have read the bill of exceptions carefully and have studied the argument of counsel and examined the authorities cited and are

of the opinion that the action of the court does not present case of abuse of discretion. Arriving at this conclusion we must find that, under a long line of decisions, there is no basis for appeal from an order of the court granting a motion for a new trial.

The judgment of the court below will, therefore, be affirmed and the cause remanded.

Appeal dismissed.

HORNBECK, PJ. & BARNES, J., concur.